**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CIVIL MINUTES--GENERAL

Case No. **CV 19-6025-JFW (JPR)**                                    Date: **December 16, 2019**
Title: **DeBose v. City of Los Angeles et al.**
================================================================
**DOCKET ENTRY: Order to Show Cause re Service**
================================================================
PRESENT:

            **HON. <u>JEAN P. ROSENBLUTH</u>, MAGISTRATE JUDGE**

        <u>Bea Martinez</u>                            <u>   n/a   </u>
        Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                  None present

**PROCEEDINGS: (IN CHAMBERS)**

On July 12, 2019, Plaintiff filed a paid Complaint raising claims under 42 U.S.C. § 1983 against the City of Los Angeles, LAPD Chief Michel Moore, LAPD officers Guillermo Arias and Paola Leal,[1] and a Doe Defendant. On August 7, 2019, the Court ordered Plaintiff to serve the Complaint on the named Defendants within the 90 days allotted by Federal Rule of Civil Procedure 4(m) or risk having it dismissed. On October 17, 2019, his time to effect proper service expired with none of the named Defendants having been served. On October 22, 2019, he filed a First Amended Complaint, apparently suing the same Defendants. On October 25, 2019, the Court found that the filing of the FAC did not reset Rule 4(m)'s service window and that he had failed to timely serve any of the named Defendants or demonstrate good cause for that failure. Nonetheless, the Court extended Plaintiff's original 90-day window to serve the named Defendants by 30 days, warning him that his failure to effect timely and proper service could result in dismissal of the action. The Court advised him of the availability of pro se clinics in this district to assist him with his lawsuit.

On November 6, 2019, Plaintiff filed proofs of service, purporting to have

---

[1] Plaintiff does not provide first names for officers Arias and Leal, but their first names appear on the summonses issued in this case.

MINUTES FORM 11                                          Initials of Deputy Clerk:<u>bm</u>
CIVIL-GEN

served the city of Los Angeles and LAPD officers Arias and Leal. As of the date of this order, however, none of the named Defendants have appeared in this action.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Federal Rule of Civil Procedure 4]." Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (citation omitted). Although Rule 4 is to be "'liberally construed' to uphold service" when a party receives sufficient notice of the complaint, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with Rule 4." Id. (citations omitted). Here, Plaintiff has failed to substantially comply with Rule 4, and it is not at all clear the parties have received any notice of his lawsuit.

To start, although his extended deadline to effect service on the named Defendants was November 9, Plaintiff has not filed a proof of service showing that Defendant Moore was served with the summons and FAC. Thus, it appears he has not even attempted to serve him with this lawsuit. See Fed. R. Civ. P. 4(l) (requiring filing of proof of service).

Further, his proofs of service as to Defendants Arias and Leal are plainly defective. Neither one was served personally, nor was a copy of the summons and FAC left at their respective dwellings with someone who lives there. See Fed. R. Civ. P. 4(e)(2)(A), (B). Instead, Plaintiff's process server[2] served the summonses on "Garcia, E. (officer)," who he claims was "designated by law to accept service of process on behalf of [the] Los Angeles Hollenbeck Police Station." Cf. Fed. R. Civ. P. 4(e)(2)(C). But even if Garcia was authorized to accept service of process on

---

[2] It is unclear whether the process server, who provided what appears to be a residential address and did not list a license or registration number, is a licensed process server.

behalf of the police station or the LAPD, service on those entities does not constitute valid service on individual officers. See Taylor v. San Bernardino Cnty. Sheriffs, No. EDCV 09-404-MMM (MAN)., 2009 WL 3365935, at *3 (C.D. Cal. Oct. 19, 2009) (citing Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987)).

      Service on Arias and Leal does not appear to be proper under state law either. A plaintiff must first exercise reasonable diligence in attempting to personally serve an individual defendant. Cal. Code Civ. P. § 415.20(b); Falco v. Nissan N. Am., Inc., 987 F. Supp. 2d 1071, 1079 (C.D. Cal. 2013). If those efforts are unsuccessful, section 415.20(b) allows substitute service on an individual by leaving a copy of the summons and complaint at the person's "usual place of business" in the presence of the person apparently "in charge" of that office. But Plaintiff's proofs of service do not indicate that the Hollenbeck Police Station was either officer's usual place of business or that Garcia was the person apparently in charge of that office. Further, the proofs of service bear no indication that the process server was reasonably diligent in attempting to effect personal service before pursuing a means of substitute service or that he mailed a copy of the summons and FAC to the person to be served at the place where the summons and FAC were left, both of which are required by California law. See Falco, 987 F. Supp. 2d at 1079; Raiser v. City of Murrieta, No. ED CV 17-01824-RGK (RAO), 2018 WL 5961301, at *5-6 (C.D. Cal. July 13, 2018); see also Bacon v. City & Cnty. of S.F., No. C04-3437 TEH., 2005 WL 1910924, at *3 (N.D. Cal. Aug. 10, 2005) (finding that "service on an employer or its agents" is not "sufficient to effect personal service on an individual being sued in his or her capacity" (citation omitted)).

      As for Defendant City of Los Angeles, for service to be proper against it Plaintiff was required to deliver a copy of the summons and complaint to the city's chief executive officer or to one of several "head" city officials, including the city clerk. See Fed R. Civ. P. 4(j)(2); Cal. Code Civ. P. § 416.50(a). Although Plaintiff's process server does attest that he served the "city clerk's office," he does not provide an address for the office where he effected that service and gives only the first name

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.     **CV 19-6025-JFW (JPR)**                              December 16, 2019
             **DeBose v. City of Los Angeles et al.**                           Page 4

---

of the individual he served. Without additional information, it is impossible to infer that service was proper, particularly when the City Defendant has not appeared in this lawsuit.

Because Defendant Moore was never served and the other named Defendants were not properly served, Plaintiff has failed to adequately serve the Defendants within the Rule 4(m) time period and thus his claims against them are subject to dismissal unless he can shown good cause for that failure. <u>See</u> Fed. R. Civ. P. 4(m). No later than 14 days from the date of this order, Plaintiff must show cause in writing why this lawsuit should not be dismissed for failure to adequately serve the named Defendants. He is warned that if he fails to timely respond to this OSC, his lawsuit may be dismissed for that reason alone.